# WELCH & COMPANY, A Corporation,

*v.*

# CENTRAL SAN CRISTOBAL, INC., A Corporation.

San Juan, Equity, No. 940.

ON PETITION FOR INTERVENTION BY FAJARDO SUGAR COMPANY.

Receivership—Sale of Stock.

    1. A receivership does not dispense with any element of a contract of the bankrupt.

Contract—Demand.

    2. A demand for payment cannot affect property in the hands of a receiver.

Receivership—Property in Other Jurisdiction.

    3. Where there is ancillary receivership in several districts, a Federal court will not make any order as to property whose actual *situs* is in another district.

Collateral—Sale.

    4. A court will not grant permission to sell collateral, where that will increase the indebtedness of the defendant.

Bonds—Forced Maturity.

    5. Unless bonds themselves declare that they mature upon some contingency, the court will not declare them matured because of a receivership.

Opinion filed March 4, 1914.

---

*Mr. Louis Banigan* for petitioner.

*Mr. Francis E. Neagle* for defendant.

*Messrs. Hartzell & Rodriguez Serra* for receiver.

Welch & Co. v. Central San Cristobal.

HAMILTON, Judge, delivered the following opinion:

The petitioner alleges under oath that it is the holder of certain general mortgage bonds of the defendant company as collateral to certain notes of the company. The notes give the right to demand additional collateral, should the market value thereof decline, and upon failure of defendant company to comply, the obligation becomes due, forthwith with power in the creditor to sell at any broker's board without advertisement, and to buy and hold the bonds discharged of any redemption. The petitioner asks leave to dispense with the demand for additional collateral, and proceed to foreclose. The defendant opposes the application.

1. No precedent has been cited to the court on either side. A receivership does not change any of the rights or duties of the parties, but merely puts property, as to which there is a dispute, in the hands of an officer of the court to hold until the termination of the controversy. There is no reason why the creditor should not make any demand it sees proper on the defendant, although, as the defendant's property has been taken away from it, there would probably be no result. The court does not think that it has the power to dispense with any element of the contract.

2. What would be the effect of such a demand is a different proposition. The property in the hands of the receiver could not be affected, because it is in the hands of the court.

3. There is doubt whether the court could authorize the petitioner to foreclose, as requested. There is no allegation that the bonds in question are actually within the jurisdiction of this court, and if, as was stated on the argument without con-

Welch & Co. v. Central San Cristobal.

tradiction, they are actually in New York, they would be within the jurisdiction of the branch of the receivership which is in the district court of the United States for the southern district of New York, which, like this court, has ancillary jurisdiction in the matter, and has appointed local receivers. This court would not be disposed to make any order which would have to be enforced in the New York jurisdiction.

4. Apart from the question of policy and of jurisdiction, the court would not be disposed to grant the permission sought, because the practical result would be that bonds which are now merely collateral to a debt, and which had not been put in circulation except as collateral, would become independent obligations, either in the hands of third parties or in the hands of the petitioner, and thereby increase the outstanding indebtedness of the defendant, and constitute additional claims upon the assets in course of administration. The legal effect of the receivership is to keep all existing liabilities *in statu quo* until some final order as to disposition of the property. There may be some cases in which a creditor would under his contract be authorized to change the form of securities held by him; but at all events the court will not be disposed to aid him in so doing, —especially where the result above mentioned might follow.

5. The petition further asks that bonds which have not yet matured shall be declared due. This cannot be done except where the bonds themselves contain such a provision. The function and effect of a receivership is not to change or increase liabilities, but to keep them *in statu quo,* and administer the property which is their security, to the best interests of all concerned.

The petition will be denied; and it is so ordered.